## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JERRY W. EASTERLING,** <br> **Plaintiff,** <br><br> -against- <br><br> **FORD MOTOR COMPANY,** <br><br> **Defendant.** | <br><br><br> **Case No:** <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

The Plaintiff Jerry W. Easterling, by and through the undersigned counsel, files this Complaint and states as follows:

### Statement of the Parties

1.      Plaintiff Jerry W. Easterling ("Easterling") is a resident and citizen of Lauderdale County, Mississippi and is over the age of nineteen years.  At the time of the accident in question, December 30, 2012, Mr. Easterling was living in Shelby County, Alabama at the time of the accident in question.

2.      Defendant Ford Motor Company (hereinafter referred to as "Ford") is believed to be a foreign corporation and at all times material doing business by agent in Alabama, incorporated in the state of Delaware and with its principal place of business located in Dearborn, Michigan.

### Jurisdictional Allegations

3.      This is an action for damages against Defendant Ford in excess of Seventy-Five Thousand Dollars ($75,000).

4. The Plaintiff was a citizen of the state of Alabama at the time of the subject accident and a citizen of the state of Mississippi at the time of filing of this lawsuit.

5. At all times material hereto, the Defendant Ford was a foreign corporation which was incorporated and has its principal place of business in a state other than either Alabama or Mississippi.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship and the amount in controversy.

7. Personal jurisdiction is appropriate over Defendant Ford, as it has such contacts with Alabama that the prosecution of this action is not inconsistent with the constitution of this state or the Constitution of the United States as provided for in Rule 4.2, Ala. R. Civ. P.

### Statement of the Facts

8. Plaintiff realleges all allegations contained in paragraphs 1 through 7 as if set out here in full.

9. On or about December 30, 2012, in Shelby County, Alabama, Jerry Easterling was driving a 2003 Ford F-250 Super Duty, VIN #1FTNW21F03EA14507 which was designed, engineered, manufactured and marketed by Defendant Ford.

10. At the time, Jerry Easterling was driving the subject Ford F-250 on Morgan Road, he hit a patch of ice causing the vehicle to lose control, impact a ditch and roll over. At the initiation of the accident Mr. Easterling was wearing his seatbelt. When the accident sequence was concluded, the seatbelt Mr. Easterling was wearing had unlatched.

11. As a result of this accident and unlatching of the seatbelt, Easterling sustained serious and significant injuries about his body, including but not limited to the following:

   a. T-6 spinous process fracture;

   b. Bilateral C-2 transverse process fracture;

   c. Right C-7 transverse process fracture;

   d. C-6 vertebral body fracture;

   e. Deformity of the anterior/superior endplates at C-5, C-6;

   f. Anterior compression of T-2 on T-3 superior endplates.

  12. At the time of the accident, the 2003 Ford F-250 was being used as intended, and in a manner reasonably foreseeable to Defendant.

  13. The 2003 Ford F-250 was in substantially the same condition at the time of the accident as it was at the time Defendant placed the vehicle into the stream of commerce.

## COUNT ONE

### (Claim Under Alabama Extended Manufacturer's Liability Doctrine)

  14. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 13 as if set out here in full.

  15. The 2003 Ford F-250 was designed, engineered, tested, manufactured, distributed, marketed or otherwise placed into the stream of commerce by Defendant Ford.

  16. Said Defendant reasonably expected that the 2003 Ford F-250 would reach the ultimate user or consumer in the condition it was in at the time of the accident.

  17. At the time of the accident, the 2003 Ford F-250 was in substantially the same mechanical and design condition as it was on the date of its manufacture and sale.

  18. The accident events and the accident mode were reasonably foreseeable to Defendant.

  19. At all times material hereto, the subject vehicle was designed and manufactured without consideration for vehicle integrity, vehicle crashworthiness, and vehicle seatbelt restraints

while being used under intended and/or reasonably foreseeable conditions, and/or in an intended or reasonably foreseeable manner, and/or during a motor vehicle collision.

20. At all times material hereto, the Defendant, Ford, failed to perform testing adequate to determine circumstances under which the subject vehicle's integrity, and safety restraints would become dangerous or hazardous to occupants within the subject vehicle while being used under intended or reasonably foreseeable conditions, or in an intended or reasonably foreseeable manner, and/or during a foreseeable motor vehicle collision, including, but not limited to becoming unlatched during a foreseeable accident scenario.

21. In addition to the foregoing, the subject vehicle's defects and Ford's breach of its duties, and negligence include, but are not limited to, the following:

    a. At all times material hereto, the Defendant, Ford, adopted a design process and a manufacturing process for the subject vehicle which was not common, usual, customary, prudent, or in accordance with the established industry standards relating to the design and manufacture of similar vehicles with similar intended and/or foreseeable functions.

    b. At all times material hereto, the subject vehicle was designed and manufactured without consideration for vehicle integrity, occupant protection and vehicle safety restraints, including the front seat belts.

    c. Jerry Easterling was not given proper protection by the subject vehicle and suffered catastrophic and permanent injuries because the Defendant, Ford, failed to provide a vehicle which was reasonably safe and which would provide adequate protection to its occupants during foreseeable accidents.

      d.      At the time of the collision, the subject vehicle was unreasonably dangerous and defective and the defects existing therein subjected Jerry Easterling to an unreasonable risk of harm in that the subject vehicle was designed and manufactured without adequate safety and protection for the occupants during a foreseeable accident, including but not limited to seatbelts which remain latched throughout a collision sequence.

      e.      The subject vehicle was also not crashworthy in that the subject vehicle was not designed and manufactured in a manner adequate to protect occupants in the subject vehicle should the vehicle be involved in a foreseeable accident.

      f.      At all times material hereto, the vehicle's safety belt system failed, resulting in serious injuries to Jerry Easterling.

      g.      During the subject vehicle's crash and at all material times hereto, the subject vehicle's lack of crashworthiness resulted in the serious injuries to Jerry Easterling.

      h.      The subject vehicle was not crashworthy when the Defendant, Ford, placed it into the stream of commerce and the subject vehicle was in substantially the same defective condition at the time of the above-mentioned accident.

22.      This Count is based upon the Alabama Extended Manufacturer's Liability Doctrine.

23.      As a direct and proximate result of the defective and unreasonably dangerous nature of the subject vehicle as more specifically described above, Defendant, Jerry Easterling was severely and catastrophically injured as more specifically set forth in paragraph 11 above.

WHEREFORE, Plaintiff demands judgment against Defendant Ford and in such amount as a jury may award plus the costs of this action.

## COUNT TWO

### (Negligence)

24. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 as if set out here in full.

25. Defendant Ford was negligent in the design, manufacture, testing, warnings, inspection, distribution and/or sale of the 2003 Ford F-250 which is the subject matter of this lawsuit. Ford's negligence and breach of duty is more specifically described in paragraphs 19, 20 and 21 which are incorporated herein by reference.

26. As a direct and proximate result of the negligence of Defendant, Jerry Easterling was severely and catastrophically injured as more specifically set forth in paragraph 11 above.

WHEREFORE, Plaintiff demands judgment against Defendant Ford in such amount as a jury may award plus the costs of this action.

## COUNT THREE

### (Wantonness)

27. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 as if set out here in full.

28. Defendant Ford was wanton in the design, manufacture, testing, warnings, inspection, distribution and/or sale of the 2003 Ford F-250 which is the subject matter of this lawsuit.

29. As a direct and proximate result of the wantonness of Defendant, Jerry Easterling was severely and catastrophically injured as more specifically set forth in paragraph 11 above.

WHEREFORE, Plaintiff demands judgment against Defendant Ford in such amount as a jury may award plus the costs of this action.

## COUNT FOUR

### (Breach of Warranty)

30. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 29 as if set out here in full.

31. Defendant impliedly warranted that the subject vehicle was merchantable and fit for its particular purpose.

32. Defendant breached said warranties.

33. As a direct and proximate result of the wantonness of Defendant, Jerry Easterling was severely and catastrophically injured as more specifically set forth in paragraph 11 above.

WHEREFORE, Plaintiff demands judgment against Defendant Ford in such amount as a jury may award plus costs of this action.

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

DATED: December 5, 2014.

    Respectfully submitted,

    By: /s/Craig P. Niedenthal
    Craig P. Niedenthal
    ASB-3761-D38C/NIE005
    **Shunnarah Injury Lawyers**
    3626 Clairmont Ave. South
    Birmingham, AL 35222
    cniedenthal@asilpc.com

>Telephone: (205)983-8138
>Facsimile: (205)983-8438

**Service of Process:**

Plaintiff will effect service of process on Defendant Ford by sending Waiver of Service of Summons to Defendant's agent for service of process, CT Corporation System, 2 North Jackson St., Suite 605, Montgomery, AL 36104