FILED

2018 Apr-26  PM 06:26
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY W. EASTERLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-02353-JEO |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e), F.R.C.P.

Plaintiff files this Motion to Alter or Amend the Judgment by this Court entered March 29, 2018 and in support thereof states as follows:

On March 29, 2018 this Court entered an Order granting Defendant's Motion to Exclude the Testimony of Plaintiff's Expert Donald Phillips and an Order Granting Defendant's Motion for Summary Judgment in its entirety. Although not indicated or captioned as a Final Judgment on this case, given this Order is referenced on the CM/ECF History log as "Order Dismissing Case" and it is also indicated on this same page that this matter was "terminated" on March 29, 2018, for purposes of the filing of post judgment motions, Plaintiff is considering this Order to be the entry of judgment in this case.

This Motion to Alter or Amend Judgment is filed pursuant to Rule 59(e),

F.R.C.P.  which provides that a party can file a motion to alter or amend a judgment within 28 days of the entry of the judgment.  The grounds for such a motion must relate to newly discovery evidence or "manifest errors of law or fact." *Arthur v. King,* 500 F. 3d 1335, 1343 (11th Cir. 2007).  In the case at bar, Plaintiff asserts that the Court's granting of summary judgment on his claim for breach of implied warranty of merchantability was based on manifest errors of law or fact as will be addressed below.  Based on these errors, Plaintiff requests this Court alter or amend its Judgment to permit Plaintiff to proceed on his claim of breach of implied warranty.

### Plaintiff's Claim for Breach of Implied Warranty of Merchantability

Defendant Ford's only argument in support of its Motion for Summary Judgment on Plaintiff's breach of implied warranty count is that since Plaintiff has not provided substantial evidence of a defect that proximately caused Plaintiff's injuries (based on the asserted exclusion of the expert testimony of Plaintiff's expert Donald Phillips) then Plaintiff is not entitled to pursue a breach of implied warranty claim.  (Doc. 39 at 19-20) This position has been essentially adopted by the Court as the basis upon which to grant the Defendant's motion for summary judgment on this issue.  (Doc. 103 at 33-34) However, it has been consistently held by the courts in Alabama that a breach of implied warranty count is not a tort claim

2

and is evaluated under completely different standards than an AEMLD claim.  In fact, the case cited by this Court as a basis for granting summary judgment on this claim, _Bagley v. Mazda Motor Corp.,_ 864 So.2d 301(Ala. 2003) clearly indicates that expert testimony is not necessary to prove a claim for breach of implied warranty of merchantability.  *Bagley* was an automotive products liability claim brought against the manufacturer, Mazda and the seller of the vehicle, Creekside based on AEMLD, negligence and breach of warranty.  The plaintiff had purchased a used vehicle from Creekside that had over 95,000 miles on it at the time of sale.  Shortly after taking possession of the vehicle, a wheel separated from the axle and the car struck a guardrail injuring the passengers.  *Id.* at 304-305. The trial court entered an order excluding the testimony of Plaintiff's expert and then granted summary judgment for the defendants.

On appeal, the Alabama Supreme Court upheld the exclusion of the plaintiff's expert testimony and since there was no expert testimony on defect, the Court upheld the dismissal of the AEMLD claim.  *Id.*at 313.  However, the Court went on to evaluate plaintiff's claims for breach of warranty, both express and implied.  About implied warranties, as this Court has indicated, the *Bagley* court held that "to sustain a claim for breach of an implied warranty, they [plaintiff] must show 'the existence of the implied warranty, a breach of that warranty, and

damages proximately resulting from that breach.'" (quoting *Barrington Corp. v. Patrick Lumber Co.,* 447 So.2d 785, 787 (Ala.Civ.App. 1984)) *Id.* at 315.  The Alabama Supreme Court then looked at the facts of the case and held the Plaintiff, **even without an expert**, should be permitted to pursue the claims of breach of warranty and reversed the trial court's summary judgment on those issues.  *Id.* at 315.

The Alabama Supreme Court addressed this issue directly in *Ex parte GMC,* 769 So.2d 903 (Ala. 1999).  The plaintiff had purchased a new Chevrolet Camaro which continued to have problems stalling out.  The only evidence which Plaintiff submitted to support his claims for breach of express and implied warranty was his own deposition testimony and a subsequent affidavit of the Plaintiff.  There was no expert testimony provided addressing the cause for the stalling out problem.  The trial court granted Defendant GM's motion for summary judgment.

On appeal, the Court addressed how claims of breach of implied warranty of merchantability are based on application of §7-2-314, *Ala. Code 1975*.  Under subsection 2(c) of this Code section, "goods must be 'fit for the ordinary purposes for which such goods are used.'"  To prove such a case, plaintiff must show the existence of the implied warranty, breach of that warranty and damages proximately caused by that breach.  *Id.* at 912.  The defendant argued, based on

4

*Sears Roebuck & Co., Inc. v. Haven Hills Farm, Inc.,* 395 So.2d 991 (Ala. 1981), a case relied on by this Court in ruling on breach of implied warranty claim in this case, that plaintiff was required to present expert testimony addressing why his car was stalling. *Id.* at 912.

In rejecting this argument, the Court indicated that reliance on the *Haven Hill Farms* case was misplaced as it was based on an AEMLD claim which is based on tort law and breach of implied warranty is based on UCC law for which there is a clear distinction. Acknowledging that the Court had previously upheld other cases against defendants in breach of warranty cases without expert testimony, the Court held that Alabama law does not require an expert witness to testify about the alleged malfunction of a product when suing for breach of implied warranty of merchantability. Thus, the Court overturned the summary judgment and permitted the plaintiff to pursue his case without the need for expert testimony. *Id.* at 913.

Similar to *Ex parte GMC,* where the plaintiff only had evidence that his car was not operating as it should i.e. stalling out, and no proof of the defective condition which was causing the stalling out, in the case at bar, there is undisputed evidence of a seatbelt buckle which does not operate correctly due to fractured springs. This is supported by the testing done by Van Iderstine who has not been

excluded from this case.  For a breach of implied warranty claim it was not

necessary to provide expert testimony of what was causing the failure.  The factual

evidence alone was sufficient to allow the jury to determine if the "goods" at issue

were fit for their ordinary purpose.  *In accord, Spain v. Brown & Williamson

Tobacco Corp.,* 872 So.2d 101 (Ala. 2003) (In responding to certified questions

from the Eleventh Circuit, the Alabama Supreme Court confirmed that a claim of

breach of implied warranty of merchantability is separate and distinct from an

AEMLD claim and does not require expert testimony); *Sullivan v. Lowes Home

Ctrs., Inc.,* 2009 U.S. Dist. LEXIS 132684 (N.D. Ala. April 22, 2009)(Confirming

that Alabama law does not require privity in claims against remote manufacturers

for breach of implied warranties for personal injury claims.  Additionally, the court

concluded expert testimony was not required to establish prima facie case for

breach of implied warranty of merchantability.); *Barko Hydraulics, LLC v.

Shepherd,* 167 So.3d 304 (Ala. 2014) (Although an express warranty case, the

defendant argued the plaintiff must present expert testimony "detailing the defect

that caused the product to fail."  Supreme Court holds that in breach of warranty

plaintiff does not need to prove an existing defect, but it is sufficient if "the

evidence shows, either directly or by permissible inference, that the …[product]

was defective in its performance or function or that it otherwise failed to conform

to the warranty.")

The recent case of *Avery v. Cobra Enters. of Utah,* 2013 U.S. Dist. LEXIS 73117; 2013 WL 2352320 (N.D. Ala. May 23, 2013) is further instructive on this issue.  This was a products liability case against a gun manufacturer where the plaintiff had dropped the gun and it fired into his abdomen.  Plaintiff did not have the safety features engaged and claimed he did not know the gun could discharge if dropped with the safety off.  Plaintiff dismissed his AEMLD case but continued with his breach of warranty claims.  Defendant moved in summary judgment to dismiss the remaining breach of implied warranty claim.  *Id.* at *4-5.

Defendant argued that since Plaintiff dismissed his AEMLD, the breach of warranty case should be dismissed because the warranty case was subsumed in the AEMLD case.  In recognizing that the claim by the plaintiff was that the gun was "not fit for its intended use", the court rejected this argument, finding that Alabama law indicates that AEMLD and breach of implied warranty are separate and distinct claims and that breach of implied warranty can be used to address an unreasonably dangerous product.  *Id.* at *6.

Further, on the issue of proving the existence of an implied warranty, which is not disputed in the case at bar, the court looks at if the defendant is a "seller" is a merchant with regard to the goods or product at issue.  Finding that, based initially

7

on *Bishop v. Faroy Sales,* 336 So.2d 1340 (Ala. 1976), the current law is that a "manufacturer could be sued in Alabama for personal injury caused by breach of implied warranty" and there is no privity requirement, this burden was met by the Plaintiff.

In addressing the breach of warranty which must be proved by the plaintiff, the court held that plaintiff could present his claim to the jury, even though he had no expert testimony to prove the breach.  "Of course, expert testimony can be helpful in proving a breach, but it is not a *sine qua non.*"  *Id.* at *15.  Finally, on the issue of proximate cause, the court relied on the proposition that "generally proximate cause is to be determined by the trier of fact."  *Id.* at 18.  The court thereby denied the motion for summary judgment and permitted the case to be presented to the jury.

In the case at bar, the Plaintiff has the admissible testimony of Van Iderstine addressing the fractures to the return springs resulting in the failure of the button to return to its full home position.  Plaintiff also has the admissible testimony of Van Iderstine addressing how the failure of the button to return to its full home position leaves this seat belt buckle susceptible to unlatching in a crash.  Although not the subject of any of the motions at issue, Plaintiff also has the testimony of his injury causation expert, Paul Lewis, who will address how the unlatching of the belt

8

caused plaintiff's injuries.  This is significantly more evidence than what the court was presented in the *Avery* case for which the court permitted the case to be presented to the jury.

The courts of Alabama have consistently indicated that with a breach of implied warranty count, expert testimony is not necessary to prove defect, inapposite of what this Court determined in granting the summary judgment on this issue.  Plaintiff has provided substantial admissible evidence to support that the subject seat belt buckle was not "fit for the ordinary purposes for which such goods are used."  The subject seat belt buckle had fractured return springs which is undisputed were fractured at the time of the accident.  There is clear admissible evidence from the manufacturer of this buckle, via its DFMEA, that such fractures can lead to an unlatching of the seat belt buckle.  There is sufficient substantial evidence from which a jury could find that the subject buckle was not fit for its ordinary purpose of restraining an occupant in a crash.  Accordingly, Plaintiff requests this Court alter or amend its judgment on the Defendant's Motion for Summary Judgment and permit Plaintiff to proceed to trial on his breach of implied warranty of merchantability.

Respectfully submitted,

By:/s/Craig P. Niedenthal

Craig P. Niedenthal
ASB-3761-D38C
**Shunnarah Injury Lawyers**
3626 Clairmont Ave. South
Birmingham, AL 35222
cniedenthal@asilpc.com
Telephone: (205)983-8138
Facsimile: (205)983-8438

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of April 2018 a true and correct copy of the foregoing has been served via CM/ECF upon all counsel of record.

D. Alan Thomas (ASB-8351-T77D)
Paul F. Malek (ASB-0656-A48P)
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Telephone:  (205) 251-1193
Telecopier: (205) 251-1256
athomas@huielaw.com
pmalek@huielaw.com

Melody H. Eagan
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
400 North 20th Street
Birmingham, AL 35203
meagan@lightfootlaw.com